IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) )  ) No. 3:09-cr-00240-16 |
| v. | ) ) Judge Nixon |
| OMEGA HARRIS | ) ) |

## ORDER

Pending before the Court is Defendant Omega Harris's oral Motion to Dismiss Counts 5 and 6 of the Seventh, Eighth and Ninth Superseding Indictments ("Motion"), lodged at hearings on January 29, 2013, and February 4, 2013.

In support of his Motion, Mr. Harris alleges that the Government intends to introduce evidence that will constructively amend Counts 5 and 6, under which he was indicted. First included in the Seventh Superseding Indictment dated October 19, 2011, and repeated in the Eighth and Ninth Superseding Indictments, Count 5 charged Mr. Harris and others with conspiring to commit a Hobbs Act robbery or extortion, and threatening physical violence to a person "in or around Lavergne [sic], Tennessee" sometime "[b]etween[,] in or around October 2008 and November 13, 2008." (Doc. Nos. 708 at 5; 807 at 5–6; 1408 at 5.) Count 6 charged Mr. Harris with possessing a firearm in furtherance of the Hobbs Act robbery charged in Count 5. (Doc. Nos. 708; 807 at 6; 1408 at 6.)

At the January 29 and February 4 hearings, Mr. Harris's counsel stated he had recently received an email from the Government indicating it had discovered the alleged robbery had occurred in Antioch, Tennessee, and not in La Vergne. As a result of the disclosure, he sought to dismiss the related counts. The Government opposed the Motion, stating it had disclosed the

1

new information to Mr. Harris as soon as it had verified the address, and that the address was not critical to the indictment.

It is well-established "that the constitutional rights of an accused are violated when a modification at trial acts to broaden the charge contained in an indictment." *United States v. Ford*, 872 F.2d 1231, 1235 (6th Cir. 1989) (citing *Stirone v. United States*, 361 U.S. 212, 215–16 (1960)). The Sixth Circuit recognizes two forms of modification to indictments: amendments and variances. Amendments occur "when the charging terms of the indictment are altered, either literally or in effect, by prosecutor or court after the grand jury has last passed on them." *Ford*, 872 F.2d at 1235 (citations and quotation marks omitted). An amendment that alters the terms of the indictment is considered per se prejudicial and warrants reversal of a conviction, because it "directly infringe[s] upon the fifth amendment guarantee" that a defendant is held answerable only for charges levied by a grand jury. *Id.*

By contrast, variances occur "when the charging terms of an indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment." *Id. See also United States v. Hathaway*, 798 F.2d 902, 910–11 (6th Cir. 1986). Based on a defendant's Sixth Amendment right to be informed of the nature of an accusation against him or her, *Ford*, 872 F.2d at 1235, a variance does not constitute reversible error, unless the defendant can prove it affected his "substantial rights," because it either prejudiced his defense, the fairness of trial, or the indictment's sufficiency to bar subsequent prosecutions. *Hathaway*, 798 F.2d at 910.

"Blurring the distinction between amendments and variances is the concept of the constructive amendment[,] which is a variance that is accorded the per se prejudicial treatment of an amendment." *Ford*, 872 F.2d at 1235. "[A] variance rises to the level of a constructive

2

amendment when": (1) "the terms of an indictment are in effect altered by the presentation of evidence and jury instructions," and the "essential elements of the offense charged" are modified[1] (2) such "that there is a substantial likelihood the defendant may have been convicted of an offense other than that charged in the indictment." *Id.* (citation and quotation marks removed). *See also United States v. Beeler*, 587 F.2d 340, 342 (6th Cir. 1978). The Sixth Circuit has called the line between constructive amendments and variances "sketchy," *United States v. Chilingirian*, 280 F.3d 704, 712 (6th Cir. 2002), and "shadowy," *Hathaway*, 798 F.2d at 910 (citation omitted), and has stated that the difference may not be one of kind, but of degree, *United States v. Budd*, 496 F.3d 517, 521 (2007).[2]

At this stage in the proceeding, the Court finds the alleged discrepancy between the indictment and the anticipated evidence to be introduced at trial constitutes neither a variance nor a constructive amendment.

First, the Court finds that the evidence would not broaden the scope of the indictment. Count 5 of the indictments alleges that the charged conspiracy to commit a Hobbs Act robbery occurred "in or around Lavergne [sic], Tennessee" (Doc. Nos. 708 at 5; 807 at 5–6; 1408 at 5); though the Government now appears ready to present evidence that the robbery occurred or would have occurred in Antioch, specifically. On one hand, Antioch and La Vergne sit in two different counties—Antioch in Davidson County, and La Vergne in Rutherford County—and,

---

[1] In other words, "the rule prohibiting judicial amendment of indictments is inapplicable to matters of form or surplusage." *Hathaway*, 798 F.2d at 911 (citations omitted). This would include part "of the indictment unnecessary to and independent of the allegations of the offense proved" may normally be treated as 'a useless averment' that 'may be ignored.'" *United States v. Miller*, 471 U.S. 130, 136 (1985) (citing *Ford v. United States*, 273 U.S. 593, 602 (1927) (indictment language was "merely surplusage and may be rejected")).

[2] In *United States v. Hynes*, the Sixth Circuit noted one "key difference" between a constructive amendment and variance is that—while a "defendant[] can establish a variance by referring exclusively to the evidence presented at trial"—he "can prove a constructive amendment only by pointing to a combination of evidence *and* jury instructions," such that he "may well have been convicted of a crime other than the one set forth in the indictment." 467 F.3d 951, 962 (2006) (citing *United States v. Suarez*, 263 F.3d 468, 478 (6th Cir. 2001)). *See Budd*, 496 F.3d at 522. Here, even though Mr. Harris has raised this issue before the jury was sworn, the Court nonetheless considers whether a constructive amendment exists.

3

based on Antioch's expansiveness and a quick review of maps, the distance between particular addresses in both cities could span more than ten miles. On the other hand, the cities of Antioch and La Vergne are neighbors that straddle the Davidson-Rutherford county line. And, as the Government asserted at hearing, the towns are separated by only one exit on the interstate. Thus, it appears to the Court that a robbery taking place in Antioch could reasonably be considered a robbery "around" La Vergne, even if not technically within its city limits. *See Ford*, 872 F.2d at 1236 (citation omitted) ("When 'on or about' language is used in an indictment, proof of the exact date of an offense is not required as long as a date reasonably near that named in the indictment is established."); *United States v. Rashid*, 274 F.3d 407, 414 (6th Cir. 2001) (though evidence of an incident not alleged in the indictment was introduced at trial, any discrepancy did not constitute a variance or a constructive amendment because the indictment used the non-exhaustive language "including, but not limited to" in describing incidents). *C.f. United States v. Benson*, 591 F.3d 491, 498 (6th Cir. 2010) (reviewing a defendant's argument that evidence based on a seizure in Dearborn was a constructive amendment when the indictment listed actions in Lansing only, and rejecting the argument on a plain error of law standard because the defendant failed to present authority to support the argument).

Even if there were a discrepancy between the evidence and the indictment, the Court finds this discrepancy would not amount to a constructive amendment. As a preliminary matter, the Court finds the exact location of the robbery was not an essential element to the charge. The Supreme Court has held the two essential elements of a Hobbs Act violation are (1) interference with interstate commerce and (2) robbery or extortion. *Stirone*, 361 U.S. at 218; *see Geboy v. Brigano*, 489 F.3d 752, 758 (6th Cir. 2007) (holding a discrepancy in the location of criminal acts between the bill of particulars and evidence was not essential because "nothing in th[e]

statute indicates that location is an element of the offense"); *see also United States v. Robison*, 904 F.2d 365, 369 (6th Cir. 1990) ("We believe that the district court's instructions were a variance, not a constructive amendment, because the specific type of firearm used or possessed by the conspirator is not an essential element of the crime."). Here, the indictment stated both of the essential elements of a Hobbs Act robbery and also included a date range and the language of "in or around Lavergne [sic]" as a supplemental detail to particularize when the incident occurred and where the target of the crime was located. (*See* Doc. Nos. 708 at 5; 807 at 5–6; 1408 at 5.) While this location detail provided Mr. Harris with more information about the incident charged, it was not "essential" to the charge itself.

In addition, the Court finds the second requirement of a constructive amendment—that a substantial likelihood existed that a defendant would had been convicted of an offense other than one charged in the indictment—is not met here. In *Stirone*, for instance, the Supreme Court examined the propriety of a Hobbs Act conviction where the indictment limited the charge to the movement of materials "into the state of Pennsylvania," but where the court charged the jury that it could also convict defendant if it found he moved materials "from Pennsylvania into other states." 361 U.S. at 213–14. The conviction could not stand, the Court concluded, because "it cannot be said with certainty that with a new basis for conviction added, Stirone was convicted solely on the charge made in the indictment the grand jury returned." *Id.* at 217. Similarly, in *Ford*, the Sixth Circuit held that a district court's supplemental instruction to the jury that a it could convict defendant for firearm possession over a period of eleven months constituted a constructive amendment to the indictment, which had specified the possession occurred "on or about" a particular date. 872 F.2d at 1236–37. The court reasoned that the instruction broadened the scope of the dates such that the jury may have convicted the defendant based on possession

of any of three dates, and not on the incident "intended by the grand jury to be part of the charge." *Id.* at 1236.

Here, however, Mr. Harris has not alleged that the Government seeks to broaden the indictment to introduce evidence of a different robbery that occurred in or around La Vergne, and that could provide an alternative—and inappropriate—basis for a conviction on the Counts. *See United States v. Beasley*, 583 F.3d 384, 391 (6th Cir. 2009) (holding introduction of firearm and ammunition evidence that differed in caliber from the indictment constituted a variance, not a constructive amendment, because "there was no risk that some or all jurors convicted [defendant] of possessing different ammunition than the ammunition offered into evidence— there simply was no other ammunition"). Rather, Mr. Harris simply points to an inaccuracy or sloppy language in the indictments. Without risk of conviction based on evidence of a separate incident outside the scope of the indictment, this does not amount to a constructive amendment.

Lastly, even if the Court were to find that a discrepancy between the evidence and the indictment constituted a variance, the Court would find that Mr. Harris has not met his burden under this theory, either. To prevail, Mr. Harris must show "prejudice to his ability to defend himself at trial, to the general fairness of the trial, or to the indictment's sufficiency to bar subsequent prosecutions." *Hathaway*, 798 F.2d at 910. At the February 4 hearing, Mr. Harris alleged prejudice in that he and his counsel were laboring for one and one-half years under the impression the conduct for which he was indicted occurred in La Vergne. It appears, thus, that Mr. Harris argues prejudice to his defense and perhaps to the fairness of trial, but does not challenge the sufficiency of the indictment.

The Court finds Mr. Harris's assertion, without more, insufficient. The Seventh, Eighth, and Ninth Superseding Indictments provided Mr. Harris with fair notice of the Count 5 Hobbs

6

Act robbery charge against him and the related Count 6 charge. First filed fifteen months before trial, Count 5 charged him with a conspiracy to commit the robbery to have occurred within a month-long date range and "in or around" a town adjacent to Antioch, and specified the other people allegedly involved and that the target location contained surveillance cameras. (Doc. Nos. 708 at 5; 807 at 5–6; 1408 at 5.) This put Mr. Harris on notice that the Government sought to connect him to an alleged act either in La Vergne or nearby, as is the case now. *See Beasley*, 583 F.3d at 392 (a variance—based on discrepancy between weapon caliber listed in indictment and caliber of evidence—was without prejudice, because defendant knew he had to defend himself against any possession charge, regardless of the specified caliber). Beyond a vague—though understandable—statement, Mr. Harris has not explained how exactly his defense has suffered and will continue to suffer at trial, which will begin more than two weeks after Mr. Harris notified this Court of the alleged discrepancy. By contrast, as in *Beasley*, the Government asserts it notified Mr. Harris of the discrepancy immediately after discovering the issue and before the jury was sworn. *Id.* Therefore, even if the Court considered the alleged discrepancy a variance, the Court finds Mr. Harris has not shown sufficient prejudice at this stage of the proceeding to dismiss the Counts.

For the reasons stated above, the Court **DENIES** Mr. Harris's Motion to Dismiss Counts 5 and 6. This ruling does not preclude Mr. Harris from reasserting this argument in a future motion after the completion of proof.

It is so ORDERED.

Entered this ___11th___ day of February, 2013.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT