IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:09-cr-00240-16 |
| | ) | Judge Nixon |
| OMEGA HARRIS | ) | |

## ORDER

Pending before the Court is Defendant Omega Harris's oral motion to sever Count 43, felon in possession of a firearm ("Motion"). The Motion was first offered at a hearing on January 29, 2013, and renewed at the close of voir dire on February 13, 2013. For the reasons below, the Motion is **DENIED**.

I. **BACKGROUND**

Defendant Omega Harris is charged, among other counts, with being a felon in possession of a handgun in violation of 18 U.S.C. § 922(g) (2012). He contends that the felon-in-possession charge should be severed from his other charges because the jury—through learning that Mr. Harris has previously been convicted of a felony—may be prejudiced, and may infer that Mr. Harris is more likely to have committed the other crimes with which he is now charged. The Court presented a proposed stipulation to the parties at the February 13 hearing. The stipulation is designed to inform the jury that Mr. Harris has been convicted of a felony. The stipulation states that the prior felony is to be considered solely as an element of the felon-in-possession charge, and precludes the Government from introducing additional evidence regarding the nature of prior felony conviction. The parties noted no objection to the stipulation itself, but Mr. Harris renewed the Motion, arguing that the stipulation does not cure the potential prejudice that might result from the jury learning that he has a prior felony conviction. In support of the Motion, Mr. Harris relies mainly on *United States v. McCarter*, 316 F.3d 536 (5th Cir. 2002). Additionally, Mr. Harris referenced an occasion during voir dire in which a

1

prospective juror stated that she would be likely to believe a defendant previously convicted of a felony had committed the crimes with which he is now charged.

## II. ANALYSIS

Federal Rule of Criminal Procedure 8(a) allows for joinder of separate counts in the same indictment if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Under Rule 14(a), the Court must consider whether joinder of the offenses could result in prejudice to the Defendant that outweighs the public interest in judicial economy and avoidance of multiple proceedings. The felon-in-possession count is inextricably intertwined with several of the other charges against Mr. Harris, including the Hobbs Act Robbery counts, the possession of a firearm in furtherance of a crime of violence count, and the possession of a firearm in furtherance of a crime of violence and a drug-trafficking offense count. Thus, the Court finds that it is properly joined. The Government will undoubtedly present "overlapping proof" in regards to the felon-in-possession count and the other charges. *See United States v. Moreno*, 933 F.2d 362, 370 (6th Cir. 1991) (finding that joinder of a conspiracy count and a felon-in-possession count was proper where the charges "involved overlapping proof").

The question for the Court then, is whether joinder of the felon-in-possession count could so prejudice Mr. Harris as to outweigh interests of judicial economy. The Court finds that it does not. The Court has already resolved to provide the jury with a limiting instruction, explaining that Mr. Harris's previous felony conviction must not be used for any purpose other than as evidence of one element of Count 18, felon in possession of a firearm. The Court appreciates Mr. Harris's reference to the prospective juror who indicated that she would consider a prior felony to be suggestive of guilt for other crimes. However, that incident occurred during voir dire questioning, before the Court gave any instruction on the matter. It is presumed that jurors will follows the Court's instructions. *United States*

*v. Cope*, 312 F.3d 757, 781 (6th Cir. 2002). Despite the candor of one prospective juror, the Court has no reason to believe the impaneled jurors will not be able to separate their natural inclinations from their solemn duties in this case. More importantly, the Court notes that the prospective juror who made the troubling comment is not a member of the jury for this case. Thus, the Court finds that Mr. Harris's stipulation to a prior felony—by precluding the Government from introducing evidence related to the nature of the prior crime—will help minimize any potential for prejudice to Mr. Harris. *United States v. Atchley*, 474 F.3d 840, 853 (6th Cir. 2007). Further, the Court's limiting instruction should cure any potential prejudice related to the jurors' mere knowledge that Mr. Harris has a prior felony conviction. *Id.* (citing *United States v. Jacobs*, 244 F.3d 503, 507 (6th Cir. 2001)).

Further, the Court finds Mr. Harris's reliance on the Fifth Circuit's decision in *McCarter* misplaced. *See McCarter*, 316 F.3d at 536. That decision is one of few where federal courts have found that a stipulation to a prior felony, and with a limiting instruction, are insufficient to cure prejudice in felon-in-possession cases. *See id.* *McCarter* is easily distinguished from the instant case for two important reasons. First, the *McCarter* court noted that the evidence against the defendant was "thin," and concluded that the jury's knowledge of a prior felony—even where mitigated by a limiting instruction—was likely to have influenced the verdict on the other counts. *Id.* at 539. Perhaps more importantly, the court concluded that "the only reasonable explanation for the government's late addition of the felon-in-possession counts against McCarter was to strengthen its case on the drug counts by informing the jury of his prior felony conviction." *Id.* at 541. In fact, the *McCarter* court specifically cited "the translucency of the government's ill motive for adding the felon-in-possession count" as a factor in determining whether severance should have been granted. *Id.* at 539.

Here, there is no reason for the Court to believe—and Mr. Harris has not alleged—that the Government added the felon-in-possession charge primarily to buttress its case on the other counts. Unlike the *McCarter* court, which had the benefit of hindsight, here the Court cannot speculate as to

3

the Government's motive for adding the felon-in-possession charge. Still, given that three of the counts against Mr. Harris involve the possession of a firearm in furtherance of another crime, it seems unlikely that the Government is pinning its prospects of a conviction—at least on those counts—on informing the jurors that Mr. Harris is a felon and hoping they are thus more likely to believe he possessed a firearm. More importantly, unlike in *McCarter* where the felon-in-possession count was added in a subsequent indictment, here the felon-in-possession charge against Mr. Harris was included in the Fifth Superseding Indictment, the first in which Mr. Harris appeared. *See McCarter*, 316 F.3d at 540. The Court simply has no reason, at least to this point, to believe that any of the concerns highlighted in *McCarter* are at issue in this case. Accordingly, the Court declines to follow *McCarter*.

III. CONCLUSION

Because the felon-in-possession charge was properly joined with the other counts in this case, and because any potential prejudice will be mitigated by a stipulation and limiting instruction, the Court declines to sever Count 18. Given the likelihood of overlapping proof for several of the charges in this case, the Government's success or failure in proving possession of a firearm should not be influenced by the jurors' knowledge of a prior felony conviction, as the jurors are presumed to follow the Court's limiting instruction. Further, any remaining potential of prejudice to Mr. Harris is outweighed by interests in judicial economy. Accordingly, the Motion is **DENIED**.

It is so ORDERED.
Entered this \_\_19th\_\_ day of February, 2013.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT