IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:09-cr-00240-16 |
| | ) | Judge Nixon |
| OMEGA HARRIS | ) | |

## ORDER

Pending before the Court is Defendant Omega Harris's Oral Motion for Severance of Count 43 of the Ninth Superseding Indictment ("Motion"), offered at a hearing on Monday, February 4, 2013. There, Mr. Harris argued that Count 43, charging prescription drug fraud under 21 U.S.C. § 846, should be dismissed or severed because the Government only recently provided evidentiary documents to defense counsel. The Government responded that it provided the documents one day after receiving them, and that there was no bad faith concealment of discovery.

After considering the parties' arguments, the Court **DENIES** the Motion. It is well-settled in the Sixth Circuit that the remedy for an alleged abuse of discovery obligations is left to the discretion of the trial court. *United States v. Muhammad*, 948 F.2d 1449, 1454 (6th Cir. 1991) (citation omitted). In determining whether suppression is the appropriate remedy for a possible discovery violation, the district courts consider: (1) the reason for the delay in producing the materials, (2) the degree of prejudice to the defendant, and (3) whether the prejudice can be cured by a less severe remedy. *United States v. Musick*, 291 F. App'x 706, 718 (6th Cir. 2008). Further, "District courts should embrace the 'least severe sanction necessary' doctrine, and hold that suppression of relevant evidence as a remedial device should be limited to circumstances in which it is necessary to serve remedial objectives." *United States v. Ganier*, 468 F.3d 920, 927 (6th Cir. 2006).

1

Here, Mr. Harris did not specifically allege bad faith on the part of the Government in turning over discovery at a late date. The Government responded to the Motion by stating that it turned over the documents only one day after receiving them, and the Mr. Harris did not refute this. Further, Mr. Harris has made no specific showing of how he has been prejudiced by the late disclosure, other than a cursory assertion that he has had insufficient time to investigate the new evidence. This trial was scheduled to begin on January 29, 2013, and as of February 13, 2013, the Court was still concluding voir dire, with a target date of February 19 for opening statements and the presentation of proof. The amount of time which has passed since the Motion was first offered should have allowed Mr. Harris and his counsel an adequate opportunity to review the documents provided and adjust their strategy accordingly. Therefore, the Court finds no reason to suppress the documentary evidence, or to sever Count 43. The Motion is **DENIED**.

It is so ORDERED.
Entered this 19th day of February, 2013.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT