IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:09-cr-00240-16 |
| v. | ) | 3:09-cr-00240-17 |
| | ) | Judge Nixon |
| OMEGA HARRIS; LEONARD BAUGH | ) | |

## ORDER

The Government has filed a Request for an Order of the Court as to the Admissibility of Certain Recorded Jail Calls Pursuant to Federal Rule of Evidence 801(d)(2)(E). (Doc. No. 2122.) Specifically, the Government requests the Court issue an Order memorializing its findings during trial regarding admissibility of jail calls under the co-conspirator exception to hearsay. (*Id.*) Additionally, there are two pending motions to exclude certain recorded jail calls as inadmissible hearsay (Doc. Nos. 1563; 1700), which the Court took under advisement following oral arguments on January 30, 2013 (*see* Doc. No. 1870).

Federal Rule of Evidence 801(d)(2)(E) provides that a statement is not hearsay if it is offered against a party and is "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy. The contents of the statement shall be considered but are not alone sufficient to establish . . . the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered." For a statement to be admissible under Rule 801(d)(2)(E), the party seeking admission must show by a preponderance of the evidence that (1) a conspiracy existed, (2) the defendant(s) against whom the statement is being introduced were members of the conspiracy, and (3) the statement was made during the course and in furtherance of the conspiracy. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987). The Sixth Circuit has found that courts may determine a statement's admissibility

1

following an objection by: (1) conducting a mini-hearing outside the presence of the jury, (2) requiring the government to meet its burden by producing non-hearsay evidence of the conspiracy prior to determining the admissibility of the co-conspirator statements, or (3) admitting the hearsay statements subject to the Government subsequently proving admissibility through non-hearsay evidence. *United States v. Vinson*, 606 F.2d 149, 152–53 (1979).

Here, the Court allowed the Government to introduce certain recorded jail calls over Defendants' objections, subject to the Government subsequently proving the elements necessary for admissibility under Rule 801(d)(2)(E). The Court ultimately found the Government proved by a preponderance of the evidence: (1) the existence of several conspiracies, (2) that the Defendant against whom each statement was offered was a member of the conspiracy that was the subject of the statement, and (3) that each statement was made in furtherance of the conspiracy.[1]

Because the statements in the recorded jail calls were properly admissible as non-hearsay statements under Rule 801(d)(2)(E), Defendants motions (Doc. Nos. 1563; 1700) are **TERMINATED AS MOOT**.

It is so ORDERED.

Entered this the 4 day of April, 2013.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Court notes that the Sixth Circuit recognized that statements may be admissible under Rule 801(d)(2)(E) even if they are in furtherance of an uncharged conspiracy. *See United States v. Talley*, 164 F.3d 989, 998 n.4 (6th Cir. 1999).

2